In re GREEN.

(District Court, W. D. Pennsylvania. April 27, 1910.)

No. 5,167.

BANKRUPTCY (§ 196*)—ADMINISTRATION OF ESTATE—LIENS ON PROPERTY OF BANKRUPT—STAYING PROCEEDINGS FOR ENFORCEMENT.

The lien of a judgment and execution against a bankrupt for a fine imposed for illegal liquor selling is not excepted from the operation of Bankr. Act July 1, 1898, c. 541, § 67f, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3450), providing that all liens obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of a petition in bankruptcy shall be deemed void in case he is adjudged a bankrupt; and hence the execution will be stayed pending the bankruptcy proceeding, whether the claim for the fine is provable or not, and whether it will be affected by the discharge of the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 306–316; Dec. Dig. § 196.*]

In the matter of the bankruptcy of Garfield Green. Heard on certificate by the referee. Decision of referee setting aside restraining order reversed, and restraining order reinstated.

T. H. W. Fergus, for the Commonwealth of Pennsylvania.

ORR, District Judge. This matter comes before the court upon certificate by the referee. It appears that the commonwealth of Pennsylvania, on February 21, 1910, recovered a judgment against the bankrupt and issued an execution thereon. The judgment appears to have been recovered in the court of common pleas of Washington County. The basis for the judgment, however, is a fine imposed upon the bankrupt by the court of quarter sessions of that county for illegal liquor selling, etc., which fine and costs were certified from the court of quarter sessions into the court of common pleas in pursuance of an act of the assembly of Pennsylvania.

The bankrupt filed his voluntary petition some 10 days after the issuance of the execution upon the judgment, and at his instance an injunction issued to restrain proceedings upon said execution. Subsequently, upon application of the district attorney of Washington county, representing the commonwealth of Pennsylvania, the referee revoked the order staying that execution. From the decision of the referee revoking such order the matter now comes to the court.

The grounds for the referee's decision seem to be that the claim of the commonwealth, being a fine, is not a provable claim in bankruptcy; that, not being provable, it will not be affected by a discharge of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bankrupt; and that, not being provable and not affected by the discharge of the bankrupt, the remedies provided by the state of Pennsylvania for the recovery of the judgment should not be affected by the bankrupt act.

It does not seem to us necessary to determine whether or not the judgment in favor of the commonwealth is provable, or whether or not the claim would be affected by the discharge of the bankrupt. It is sufficient to note that the commonwealth of Pennsylvania has recovered a lien upon the bankrupt's estate within four months prior to the filing of the petition in bankruptcy. I am satisfied that section 67f of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]) makes no exceptions in favor of any lien creditor whose lien has been obtained through legal proceedings against the bankrupt within four months prior to the filing of the petition, other than such person who may have obtained title by virtue of such proceedings and has been a bona fide purchaser for value without notice or reasonable cause for inquiry. It is not pretended that the commonwealth of Pennsylvania has obtained title by virtue of the legal proceedings. At most, the commonwealth has a lien by judgment and as well by execution, and the order restraining the commonwealth of Pennsylvania from proceeding thereon should not have been rescinded.

The purpose of the bankrupt act would be destroyed in this proceeding, if the commonwealth of Pennsylvania should realize the full amount due her upon the judgment at the expense of other creditors of the bankrupt, and particularly so if the claim of the commonwealth will not be discharged, while the claims of other creditors would be. It is not necessary to determine whether or not the claim of the commonwealth is provable, or whether it will be affected by the discharge of the bankrupt, if a discharge be granted.

The restraining order should be reinstated. To this extent the decision of the referee must be reversed.